## 23148

Ex parte Beti Owens HOLCOMBE, Respondent v. David Foster KEN-
NISON, William Robert Black, Linda L. Black, Otis Hewitt, John Doe,
Mary Roe, and New Banner Institute. In the Interest of Sasha OWENS
(Marsh), A Minor Under The Age of Eighteen Years, Appellant.

(388 S. E. (2d) 807)

Supreme Court

*Herbert W. Louthian,* of *Louthian & Louthian,* and *Rich-
ard G. Whiting,* Columbia, *for appellant.*

*Francenia B. Heizer,* Columbia, *for Guardian ad Litem.*

*Herbert E. Buhl, III,* Columbia, *for Robert Black* and *New
Banner Institution.*

*Jack F. McGuinn,* Columbia, *for David Foster Kennison.*

*John D. Elliott,* Columbia, *for respondent.*

Heard May 15, 1989.

Decided Feb. 5, 1990.

*Per Curiam:*

This appeal is from a family court order retaining jurisdiction in this case. We dismiss the appeal as moot.

Appellant (Sasha) was born to respondent (Holcombe) on November 11, 1971. Holcombe was divorced in 1973 and was granted custody of Sasha. From 1973 until 1984, Holcombe was employed by the College of Early Learning, an affiliate of New Banner Institute. Sasha attended this school from 1973 until 1986. In 1986, when the relationship between Sasha and Holcombe became strained, the other respondents below allegedly interfered in that relationship and assisted Sasha in secreting her whereabouts from her mother.

The Department of Social Services (DSS) commenced this action in 1986 seeking an order that respondents below produce Sasha and that DSS be granted temporary custody of her based upon allegations of abuse. Holcombe filed a counterclaim and cross-claim essentially requesting Sasha be returned to her custody and that a protective order be issued. DSS subsequently withdrew as a party to the action. Holcombe's counterclaim and cross-claim are the only remaining causes of action.

Sasha moved to dismiss the action for lack of jurisdiction on the ground she was emancipated by her marriage to Harry Ray Marsh, Jr., on December 22, 1986, in Richmond County, Georgia. After a hearing, the family court declared Sasha's marriage invalid, retained jurisdiction, and ordered respondents below to produce Sasha. This appeal followed.

We hold the issue of Sasha's emancipation by marriage is moot because she is eighteen years of age and the family court no longer has jurisdiction in this case. "Child" is statutorily defined as a person under eighteen years of age. S. C. Code Ann. §§ 20-7-390 and -490(A) (1985). The family court's jurisdiction to determine custody matters applies only to children. S. C. Code Ann. § 20-7-400(A)(1)(e) (1985). Similarly, its jurisdiction to issue a protective order at the request of a person other than the victim of the alleged abuse is limited to situations involving children. S. C. Code Ann. § 20-4-40(a) (1985). Further, no statute applies to these causes of action to extend jurisdiction beyond a child's eighteenth birthday. Cf. S. C. Code Ann. § 20-7-400(B) (1985) (when court acquires jurisdiction of child under seventeen

years of age, jurisdiction may be extended to child's twenty-first birthday if necessary for purposes of education or correction).

Because the family court no longer has jurisdiction to determine Sasha's custody or to issue a protective order at her mother's request, this case is moot. Accordingly, the appeal is

Dismissed.

TOAL, J., not participating.